**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BT&G INC.,** | : |
| | : |
| | : |
| **Plaintiff,** | : |
| | : **Case No.** |
| **v.** | : |
| | : |
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **Defendant.** | : |

## COMPLAINT

Plaintiff BT&G Inc., by and through undersigned counsel, pursuant to 7 U.S.C. § 2023 and 7 U.S.C. § 279.7, hereby files this Complaint against Defendant United States of America and alleges:

1.      This action seeks judicial review of the Final Agency Decision ("FAD"), dated July 6, 2026, of the United States Department of Agriculture's ("USDA") Food and Nutrition Administration ("FNA"), affirming the temporary disqualification of Franklin Liquors & Market, the retail food store owned by BT&G Inc., from participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP").

## PARTIES

2.      Plaintiff BT&G Inc. is a District of Columbia corporation.

1

3.    Plaintiff BT&G Inc. is a resident and citizen of the District of Columbia.

4.    BT&G Inc. is the owner of Franklin Liquors & Market, a formerly SNAP-authorized convenience store located at 2723 7th Street, N.E., Washington, DC 20017 ("Franklin Liquors & Market" or "Store").

5.    Franklin Liquors & Market is a "retail food store," as such a term is defined in 7 C.F.R. § 271.2.

6.    Defendant United States of America is the federal government.

7.    USDA is an executive branch department of the federal government.

8.    FNA is an agency of the USDA.

9.    FNA administers and has promulgated regulations governing the SNAP pursuant to a delegation by Congress in Section 4 of the Food and Nutrition Act of 2008, 7 U.S.C. § 2013, and from the USDA Secretary.

10.    Formerly known as the food stamp program, SNAP provides supplemental nutrition benefits to more than 37 million Americans and just over 133,000 residents of the District of Columbia. SNAP's fundamental purpose is to provide eligible low-income households with increased food purchasing power. 7 U.S.C. § 2011.

11.    Pursuant to SNAP regulations set forth in 7 C.F.R. Part 278, FNA asserts that it has regulatory authority to authorize and disqualify retail food stores from participation in SNAP.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this action pursuant to 7 U.S.C. § 2023, 7 C.F.R. § 279.7, 28 U.S.C. §§ 1331 and 1346.

13.    Venue in this district is proper under 7 U.S.C. § 2023 and 28 U.S.C. §§ 1391(b) and (e) because Franklin Liquors & Market, the retail food store that is the subject of this action, is located in this judicial district.  Venue is also proper because the United States of America is deemed a resident of this district and has consented to suit in this district.

14.    Plaintiff BT&G Inc. has exhausted any and all administrative remedies required prior to the institution of this action.

## FACTUAL ALLEGATIONS

15.    Franklin Liquors & Market is a convenience store that serves an impoverished community in the District of Columbia.

16.    At all times relevant hereto, Franklin Liquors & Market is and has been authorized by FNA to redeem SNAP benefits. Franklin Liquors & Market's FNA-issued SNAP authorization number is 0522353.

17.    At all times relevant hereto, Franklin Liquors & Market trained its employees regarding SNAP in accordance with FNA requirements.

18.    At all times relevant hereto, Franklin Liquors & Market properly supervised its employees regarding SNAP transactions and program requirements.

3

19. At all times relevant hereto, Franklin Liquors & Market sold SNAP-eligible staple food items.

20. At all times relevant hereto, Franklin Liquors & Market also sold SNAP ineligible items.

21. Numerous items sold at Franklin Liquors & Market are and were SNAP-eligible items.

22. The Food and Nutrition Act does not define "common ineligible items."

23. FNA's SNAP regulations do not define "common ineligible items."

24. FNA has not issued any publicly issued guidance defining "common ineligible items."

25. No other SNAP-authorized retail food store in the vicinity carries as wide an array of SNAP-eligible items at comparable prices.

26. On or about March 9, 2026, FNA's Retailer Operations Division ("ROD") sent Franklin Liquors & Market a letter charging the Store with accepting SNAP benefits in exchange for common ineligible items in alleged violation of FNA's SNAP regulations contained at 7 C.F.R. § 278.2(a) ("Charge Letter").

27. The Charge Letter alleged that Franklin Liquors & Market sold plastic cutlery in exchange for SNAP benefits ("EBT") on one occasion in July 2025 to an undercover FNA investigator.

4

28.    On April 16, 2026, Franklin Liquors & Market submitted its response to the Charge Letter.

29.    On April 27, 2026, FNA issued its initial determination ("Initial Determination"). In the Initial Determination, FNA concluded that the alleged violation set forth in one attachment to the Charge Letter occurred, declined to issue a warning or assess a Hardship Civil Money Penalty ("CMP"), and disqualified the Store from participating in SNAP for six months.

30.    The Initial Determination, which consisted of a short form letter, advised that FNA found that "the violations occurred at your store." The Initial Determination also failed to address the Store's request for a civil money penalty ("CMP").

31.    On May 1, 2026, Franklin Liquors & Market timely sought administrative review of the Initial Determination pursuant to 7 C.F.R. Part 279.

32.    On June 2, 2026, Franklin Liquors & Market submitted its response in support of its Request for Administrative Review of the Initial Determination ("Franklin Liquors & Market's Response").

33.    Franklin Liquors & Market's Response requested that FNA's Administrative and Judicial Review Branch ("ARB") reverse the Initial Determination and either issue it a warning or assess a Hardship CMP.

34.    On July 6, 2026, FNA Administrative Review Officer ("ARO") David Shively issued the FAD. A copy of the FAD is attached hereto as Exhibit A.

35.    In its FAD, ARB rejected all of Franklin Liquors & Market's arguments, notwithstanding the evidence submitted by the Store, and affirmed the Initial Determination that imposed a six-month term disqualification from SNAP upon Franklin Liquors & Market.

36.    The FAD concluded that "[t]he investigation report documents by a preponderance of the evidence that a store employee engaged in the misuse of SNAP benefits noted in Exhibit A, warranting a disqualification as a SNAP retail food store for a period of six months." *Id.* at 4.

37.    The FAD failed to properly address Franklin Liquors & Market's argument that plastic cutlery were not common ineligible items.

38.    The FAD rejected Franklin Liquors & Market's argument that the management of the Store was not careless and did not poorly supervise its employees, summarily concluding that "[e]ntrusting an unsupervised, inexperienced, and/or untrained clerk(s) to handle SNAP benefits is reasonably viewed as careless or the exercise of poor supervision." *Id.* at 5.

39.    ARO Shively did not conduct any independent analysis of the allegations set forth in the Charge Letter and merely relied upon the undercover investigator's report.

40.    ARO Shively also failed to note in the FAD that the Store rejected the attempted sale of non-food items during the two other store visits by the undercover investigator.

41.    The FAD failed to meaningfully address Franklin Liquors & Market's argument that a warning was appropriate.

42.    The FAD rejected Franklin Liquors & Market's argument that a CMP was appropriate, noting only that the Retailer Operations Division determined that there were 19 other SNAP-authorized stores within a one-mile radius of Franklin Liquors & Market, an unreasonably long distance for SNAP beneficiaries to walk each way to purchase groceries. *Id.* at 6.

43.    The FAD improperly relied upon the Retailer Operations Division's determination, and ARO Shively did not conduct his own independent analysis.

## FNA's SNAP REGULATIONS

44.    Pursuant to 7 C.F.R. § 278.6(e)(5), the penalty for a firm not previously sanctioned for accepting SNAP benefits in exchange for "common ineligible items due to carelessness or poor supervision" (emphasis added) is a six-month term disqualification from participation in SNAP.

45.    FNA is required to "send the firm a warning letter if violations are too limited to warrant a disqualification." 7 C.F.R. § 278.6(e)(7).

46. Pursuant to FNA's regulation governing Hardship CMPs, 7 C.F.R. § 278.6(f)(1), FNA is required to impose a CMP as a sanction in lieu of disqualification when doing so would "cause hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices."

## COUNT I - JUDICIAL REVIEW OF FINAL AGENCY ACTION PURSUANT TO 7 U.S.C. § 2023 AND 7 C.F.R. § 279

47. Plaintiff BT&G Inc. repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. Franklin Liquors & Market denies that the Store engaged in violations of FNA's SNAP regulations or that a six-month disqualification from SNAP was an appropriate penalty.

49. At no time did Franklin Liquors & Market sell any "common ineligible items" in exchange for SNAP benefits.

50. At no time did Franklin Liquors & Market poorly supervise its employees.

51. No evidence in the Administrative Record exists that supports FNA's determination that Franklin Liquors & Market poorly supervised its employees.

52. At no time did Franklin Liquors & Market act carelessly in permitting the sale of "common ineligible items" in exchange for SNAP benefits.

8

53.    No evidence in the Administrative Record exists that supports FNA's determination that Franklin Liquors & Market acted carelessly in permitting the sale of "common ineligible items" in exchange for SNAP benefits.

54.    FNA's determination that Franklin Liquors & Market sold "common ineligible items" in exchange for SNAP benefits was invalid, unreasonable, arbitrary, capricious, and unsupported by the evidence.

55.    FNA's determination that Franklin Liquors & Market poorly supervised its employees was invalid, unreasonable, arbitrary, capricious, and unsupported by the evidence.

56.    FNA's determination that Franklin Liquors & Market acted carelessly in permitting "common ineligible items" to be sold in exchange for SNAP benefits was invalid, unreasonable, arbitrary and, capricious, and unsupported by the evidence.

57.    FNA's six-month disqualification of Franklin Liquors & Market's participation in SNAP and denial of its request for a Hardship CMP was invalid, unreasonable, arbitrary and capricious, and unsupported by the evidence. *See Kim v. United States*, 903 F. Supp. 118 (D.D.C. 1995) (reversing FNA's imposition of a six-month term disqualification where there was no evidence of intent, no evidence that a pattern of selling ineligible items due to carelessness existed, no prior warnings were given, and no trafficking took place).

9

58.     FNA's six-month disqualification of Franklin Liquors & Market from participating in SNAP and denial of its request for a warning (and a Hardship CMP) should be reversed because FNA failed to consider all evidence related to the Store.

59.     FNA failed to consider all available evidence in determining whether staple food items were available at comparable prices at other SNAP-authorized stores in the vicinity.

60.     FNA's six-month disqualification of Franklin Liquors & Market from participating in SNAP and denial of its request for a warning (and a Hardship CMP) should be reversed because FNA failed to properly consider all available evidence in determining whether staple food items were available at comparable prices at other SNAP-authorized stores in the vicinity.

61.     FNA's analysis of other SNAP-authorized stores in the vicinity failed to consider where SNAP beneficiaries who shopped at Franklin Liquors & Market resided.

62.     FNA officials and employees did not visit other SNAP-authorized stores in the vicinity of Franklin Liquors & Market in July 2025.

63.     FNA did not conduct a comparison of prices of staple food items at Franklin Liquors & Market and other SNAP-authorized stores in the vicinity in July 2025.

64.     FNA's six-month disqualification of Franklin Liquors & Market from participating in SNAP and denial of its request for a warning (and a Hardship CMP)

should be reversed because FNA's analysis of other SNAP-authorized stores in the vicinity (1) failed to consider where SNAP beneficiaries who shopped at Franklin Liquors & Market resided; and (2) was not based, upon information and belief, on store visits to other SNAP-authorized retailers in the vicinity in July 2025.

65.    FNA's six-month disqualification of Franklin Liquors & Market from participating in SNAP and denial of its request for a warning (and a Hardship CMP) should be reversed because FNA's analysis was not based on a comparison of (a) prices charged for staple food items or (b) the variety of staple food items at Franklin Liquors & Market and other SNAP-authorized stores in the vicinity in July 2025.

66.    FNA's six-month term disqualification of Franklin Liquors & Market from participating in SNAP and denial of its request for a warning (and a Hardship CMP) should be reversed because FNA failed to interview any SNAP beneficiaries whose EBT cards were used at the store in July 2025.

67.    FNA's six-month term disqualification of Franklin Liquors & Market from participating in SNAP was improper because it was not based on evidence that Franklin Liquors & Market poorly supervised its employees.

68.    FNA's six-month term disqualification of Franklin Liquors & Market from participating in SNAP was improper because FNA had no evidence that Franklin Liquors & Market acted carelessly in permitting the exchange of ineligible items for SNAP benefits.

69.     FNA's denial of Franklin Liquors & Market's request for a warning (and a Hardship CMP) was not rationally related to any legitimate governmental interest.

70.     FNA's denial of Franklin Liquors & Market's request for a warning (and a Hardship CMP) is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

71.     FNA's failure to issue a warning to Franklin Liquors & Market based on the sale of ineligible items is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

72.     FNA's imposition of a six-month term disqualification based on the sale of SNAP-ineligible items is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

73.     FNA's denial of Franklin Liquors & Market's request for a warning (and a Hardship CMP) represents agency action beyond the scope of authority granted by Congress to FNA when it delegated power to promulgate and enforce reasonable regulations in the Food and Nutrition Act of 2008.

74.     7 C.F.R. § 278.6(e)(5) is inconsistent with the directive from Congress contained in 7 U.S.C. § 2021(a)(2) in violation of the Food & Nutrition Act of 2008 and the Administrative Procedure Act.

75.     To the extent that 7 C.F.R. § 278.6(e)(5) purports to provide criteria for the disqualification of a SNAP-authorized retailer food store based on the sale of SNAP-

ineligible items, those criteria are inconsistent with the directive from Congress contained in 7 U.S.C. § 2021(a)(1) in violation of the Food & Nutrition Act of 2008 and the Administrative Procedure Act.

76. To the extent that 7 C.F.R. § 278.6(e)(5) purports to provide criteria for the disqualification of a SNAP-authorized retailer food store disqualified from SNAP pursuant to a reciprocal disqualification of such store from the WIC program pursuant to 7 C.F.R. § 278.6(e)(8), those criteria are consistently ignored by FNA and its officials in violation of the Food & Nutrition Act of 2008 and the Administrative Procedure Act.

77. FNA's denial of Franklin Liquors & Market's request for a warning (and a Hardship CMP), which was based entirely upon circumstantial evidence, represents agency action beyond the scope of authority granted by Congress to FNA when it delegated the power to promulgate and enforce reasonable regulations pursuant to the Food and Nutrition Act of 2008.

78. District courts must exercise independent judgment in deciding whether an agency has asked within its statutory authority. *Loper Bright v. Raimondo*, 603 U.S. 369 (2024).

79. District courts should no longer grant deference to agency actions.

80. District courts should set aside agency actions that are unsupported by substantial evidence.

81.    FNA's decision to deny the Plaintiff's request for a warning (and a Hardship CMP) exceeded its authority under the Food & Nutrition Act of 2008.

82.    FNA's decision to deny the Plaintiff's request for a warning (and a Hardship CMP) exceeded its authority under its SNAP regulations.

83.    FNA's decision to deny Franklin Liquors & Market's request for a warning (and a Hardship CMP) was not supported by substantial evidence.

84.    At no time did FNA provide Franklin Liquors & Market with a warning that plastic cutlery was being sold in exchange for SNAP benefits prior to issuance of the Charge Letter.

85.    FNA should have provided Franklin Liquors & Market with a warning that plastic cutlery is not eligible for the redemption of SNAP benefits prior to the issuance of the Charge Letter.

86.    FNA should have provided Franklin Liquors & Market with a warning that plastic cutlery was being sold at the Store in exchange for SNAP benefits after the first alleged violation.

87.    In the event that FNA provided Franklin Liquors & Market with a warning that plastic cutlery was being sold at the Store in exchange for SNAP benefits after the first alleged violation, Franklin Liquors & Market would have re-trained its employees regarding SNAP requirements.

88.    FNA had no basis to have concluded that plastic cutlery is a "common ineligible item."

89.    A SNAP retailer charged with the exchange of common ineligible items is eligible for imposition of a Hardship CMP in lieu of disqualification in the event that there are no other SNAP-authorized retail food stores in the vicinity selling as large a variety of staple food products at comparable prices.

90.    Prior to issuing the Initial Determination, FNA failed to conduct any analysis of the variety of staple food products carried at Franklin Liquors & Market or any other SNAP-authorized retailer in the vicinity during July 2025.

91.    Upon information and belief, prior to issuing the Initial Determination, FNA failed to conduct any analysis of the pricing of staple food products carried at Franklin Liquors & Market.

92.    Upon information and belief, prior to issuing the Initial Determination, FNA failed to conduct any analysis of the pricing of staple food products carried at other SNAP-authorized retailers in the vicinity.

93.    No other SNAP-authorized retailer in the vicinity sells as wide a variety of SNAP-eligible items at comparable prices as Franklin Liquors & Market.

94.    FNA's decision to deny Franklin Liquors & Market's request for a Hardship CMP is legally deficient and erroneous, including because the FAD contains no

analysis regarding the prices charged for comparable staple food items by other SNAP-authorized retailers in the vicinity.

95. FNA's decision to deny Franklin Liquors & Market's request for a Hardship CMP is legally deficient and erroneous, including because the FAD contained no analysis regarding the varieties of staple food items carried by other SNAP-authorized retailers in the vicinity.

96. FNA's decision to deny Franklin Liquors & Market's request for a Hardship CMP is legally deficient and erroneous, including because the FAD contained no analysis regarding the prices of comparable staple food items carried by other SNAP-authorized retailers in the vicinity.

97. Whether staple food items at comparable prices are available at other SNAP-authorized retailers in the vicinity is a mandatory element that FNA must consider in determining whether to grant a Hardship CMP.

98. Whether as wide a variety of staple food items are available at other SNAP-authorized retailers in the vicinity is a mandatory element that FNA must consider in determining whether to grant a Hardship CMP.

99. 7 C.F.R. § 278.6(f)(1) provides, in pertinent part, that "FNA may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to SNAP households because there is no other

authorized retail food store in the area selling as large a variety of staple food items at comparable prices." (emphasis added).

100.   FNA, in issuing the FAD, relied upon records and other information never provided to Franklin Liquors & Market.

101.   In its FAD, FNA relied upon data concerning other SNAP-authorized stores not "in the vicinity" of the Store.

102.   Upon information and belief, in urban areas, until recently, FNA used a half-mile radius to determine whether other SNAP retailers are "in the vicinity" in determining whether to assess a Hardship CMP.  Without going through the "notice and comment" procedure required by the Administrative Procedure Act, FNA appears to have modified the radius it uses in deciding whether to assess a Hardship CMPs.

103.   FNA calculates distance "as the crow flies," not walking or driving distance when determining whether there are other stores "in the vicinity" in the context of deciding whether to assess a Hardship CMP.

104.   FNA's use of a one-mile radius in urban areas for determining whether other SNAP retailers are "in the vicinity" for Hardship CMP purposes is arbitrary and capricious.

105.   FNA's use of a one-mile radius for determining whether other SNAP retailers are "in the vicinity" for Hardship CMP purposes ignores that many SNAP

beneficiaries do not have cars and do not (and cannot) walk up to two miles (round trip) to shop at a SNAP-authorized retailer.

106. SNAP beneficiaries, especially those who are elderly and/or disabled, cannot be reasonably expected to walk as much as a mile (each way) to shop at the unidentified stores referenced in the FAD.

107. No factual support exists for FNA's decision to deny Franklin Liquors & Market's request for a Hardship CMP.

108. FNA relied upon undisclosed analyses, including analyses of other SNAP-authorized retail food stores, which were never provided to Franklin Liquors & Market.

109. The FAD was not based upon any declarations or affidavits from USDA or FNA employees or contractors whose identities were disclosed to Franklin Liquors & Market.

110. The FAD is FNA's final administrative determination that its six-month disqualification of Franklin Liquors & Market from participation as an authorized SNAP retailer was properly imposed.

111. The FAD is subject to judicial review and a trial *de novo* pursuant to 7 U.S.C. §§ 2023(a)(13), (15).

112.   Judicial reviews pursuant to 7 U.S.C. §§ 2023(a) are not governed by the Administrative Procedure Act, and the evidence is not limited to the administrative record prepared by FNA.

113.   The FAD was based on an arbitrary and capricious interpretation of the Food and Nutrition Act of 2008 and FNA's SNAP regulations.

114.   The FAD was based on SNAP regulations promulgated by FNA in excess of the authority granted to it (and USDA) by Congress.

115.   FNA incorrectly determined that Franklin Liquors & Market was not eligible for a Hardship CMP in violation of the Food and Nutrition Act of 2008 and FNA's SNAP regulations.

116.   FNA's denial of Franklin Liquors & Market's request for a Hardship CMP was premised upon an erroneous, unsupportable, arbitrary, and capricious interpretation of 7 C.F.R. § 278.6.

117.   In issuing the FAD, FNA acted arbitrarily and capriciously by failing to consider all information submitted by or related to Franklin Liquors & Market.

118.   Plaintiff respectfully requests a *de novo* review of FNA's FAD, which affirmed the term disqualification of Franklin Liquors & Market's store from SNAP and determined that the alleged violations took place.

119.   Plaintiff respectfully requests a *de novo* review of FNA's FAD in which FNA affirmed the decision in the Initial Determination to decline to issue a warning.

120.   Plaintiff respectfully requests a *de novo* review of FNA's FAD, which affirmed the decision in the Initial Determination to decline to assess a Hardship CMP. WHEREFORE, Plaintiff BT&G Inc. respectfully requests that this Court, after conducting a *de novo* review of the FAD, enter judgment in its favor and against the United States and issue an Order granting the following relief:

   a.   Reversing the FAD;

   b.   Vacating FNA's Initial Determination;

   c.   Declaring that plastic forks and spoons are not "common ineligible items" under FNA's SNAP regulations;

   d.   Declaring the FNA's policy of not obtaining conducting store visits and failing to obtain data regarding the variety and pricing for staple food items at other SNAP-authorized stores in the vicinity is arbitrary and capricious, inconsistent with the Administrative Procedure Act and the Food & Nutrition Act of 2008, and exceeds the authority delegated by Congress therein;

   e.   Declaring that FNA's use of a one-mile radius in determining whether to assess a Hardship CMP is arbitrary and capricious, inconsistent with the Administrative Procedure Act and the Food & Nutrition Act of 2008, and exceeds the authority delegated by Congress therein;

20

f.  Preliminarily enjoining FNA from disqualifying Franklin Liquors & Market from participating in SNAP during the pendency of this action;

g.  Permanently enjoining FNA from denying authorization to Franklin Liquors & Market to participate in SNAP based upon the Initial Determination and the FAD;

h.  In the alternative, directing FNA to impose a Hardship Civil Monetary Penalty in an amount consistent with FNA's regulations;

i.  Awarding BT&G Inc. an amount equal to its reasonable attorneys' fees and costs, including pursuant to the Equal Access to Justice Act; and

j.  Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 14th day of July 2026

*/s/ Stewart D. Fried*
Stewart D. Fried, Esq.
Olsson Frank Weeda Terman Matz PC
2000 Pennsylvania Avenue, N.W., Suite 4003
Washington, DC 20006
Telephone: (202) 518-6326
sfried@ofwlaw.com

*Attorneys for Plaintiff BT&G Inc.*

21